**Suzanne WOODS and Patrick Woods,
Plaintiffs,**

**v.**

**Hugh WALSH and Margaret Walsh,
Defendants.**

**Civ. A. No. 1959–72.**

United States District Court,
D. New Jersey.

March 26, 1975.

## ORDER TO SHOW CAUSE

STERN, District Judge.

This matter arising on the Court's own motion, and good cause appearing,

It is on this 17th day of March, 1975,

1. Ordered, that Jerome L. Yesko, Esquire, of 90 Main Street, Hackensack, New Jersey, show cause before this Court on the 18th day of March, 1975, at 10:00 A.M. in the forenoon, why an order should not be entered pursuant to Rule 42(b) of the Federal Rules of Criminal Procedure holding him in criminal and/or civil contempt of this Court for:

a. Wilful and contumacious refusal to attend a pretrial conference before the Honorable Harry Lane, Jr., United States Magistrate, on November 6, 1974.

b. For wilful and deliberate failure and refusal to respond to the call for trial at 10:00 A.M. on March 17, 1975, after personal notice from the Clerk of the Court to him on March 14, 1975.

c. For deliberate and wilful assignment, on March 17, 1975, of this case for trial on March 17, 1975, to Richard W. Engelbart, Esquire, an attorney within respondent's office whom respondent knew to be unprepared to try this case, and respondent's instructions to said Richard W. Engelbart, Esquire, to appear before the Court and answer "Ready for Trial", although respondent knew that said Richard W. Engelbart, Esquire, was in fact not ready to proceed to trial both by reason of lack of preparation and by reason of the fact that neither of the plaintiffs, nor any of their witnesses, were then and there available so that the trial could proceed.

2. At the same time and place the said Jerome L. Yesko, Esquire, shall show cause why this Court should not grant such other and further relief, including but not limited to, the reasonable costs necessary to compensate defendant and defendants' counsel for out-of-pocket expenses caused by respondent's conduct, and such other and further relief as shall seem just.

3. A copy of this order to show cause, which need not be certified as a true copy, shall be served by the United States Marshal upon said Jerome L. Yesko, Esquire forthwith, and in no event later than the close of business this day.

4. Pursuant to Rule 42(b) of the Federal Rules of Criminal Procedure, the Court hereby appoints Murry D. Brochin, Esquire, to prosecute this proceeding.

## ORDER

This matter having come before the Court on March 19, 1975, on return of an Order to Show Cause why Jerome L. Yesko, Esquire, should not be held in criminal and/or civil contempt of court,

in the presence of Murry D. Brochin, Esquire, prosecutor, and William B. McGuire, Esquire, counsel for respondent Yesko, and the Court having heard respondent's apology to the Court and his offer to recompense the United States and counsel for defendants for all expenses caused thereby; and the arguments of counsel; and for good and sufficient cause shown:

It is on this 26th day of March, 1975, Ordered:

1. That respondent pay to Richard D. Forest, Esquire, counsel for defendants, the sum of $50.00 as recompense for expense incurred by respondent's failure to appear for the pre-trial conference before the Honorable Harry Lane, Jr., United States Magistrate, on November 6, 1974;

2. That respondent pay to Richard D. Forest, Esquire, counsel for defendants, the sum of $100.00 as recompense for expense incurred by respondent's failure to answer the trial call before this Court on March 17, 1975;

3. That respondent pay to Richard D. Forest, Esquire, counsel for defendants, all costs incurred by Mr. Forest in securing a transcript of the proceedings in this Court on March 17, 18 and 19, 1975, from the Court Reporter;

4. That respondent pay to the Treasurer of the United States the sum of $525.00 as recompense for the expenses incurred by the United States for service and mileage fees for 21 jurors on March 17, 1975, which jurors were not used solely because of respondent's conduct;

5. That all payments specified in this Order be made not later than five (5) days after service of this Order upon respondent or his counsel;

6. That the Order to Show Cause is hereby vacated.